(112 App. Div. 769)

BURNHAM, Overseer of Poor, v. TRYON.

(Supreme Court, Appellate Division, Third Department. March 7, 1906.)

1. BASTARDS—PROCEEDINGS—APPEAL.
    Code Cr. Proc. § 850, provides that a magistrate in making an order of filiation must certify the reasonable costs of arrest and of the order. Section 851 makes a defendant found guilty liable for the costs of arrest and order. By section 873 the court must award costs to the party in whose favor an appeal is determined, and section 866, in relation to appeals, provides that, if the child be not born alive, defendant must be discharged from custody and from the obligation of his undertaking. Held, that defendant's discharge on appeal under section 866, was not a determination in his favor, so as to entitle him to have refunded to him the costs certified by the magistrate under section 850.

2. SAME—ORDER—VACATION.
    Where, on appeal to the county court from an order of filiation, defendant failed to give any undertaking, as required by statute, and the county court on appeal inadvertently discharged defendant from the obligation of his undertaking, and erroneously relieved him from the costs by requiring that the costs be refunded to him, it was proper for the county court to grant a motion vacating the order, notwithstanding that plaintiff had taken an appeal.

Appeal from Tompkins County Court.

Proceedings in bastardy by William H. Burnham, as overseer of the poor of the town of Groton, against Amos Tryon. From an order granting a motion to cancel an order discharging the defendant from his undertaking on appeal from the magistrate, and directing his costs to be refunded, he appeals. Affirmed.

The defendant, on the complaint of the plaintiff, was adjudged upon a trial before two justices of the peace to be the father of a child likely to be born a

bastard, which would be chargeable upon the plaintiff's town. The justices made an order of filiation, and certified their reasonable costs of arresting the defendant and of the order of filiation to be the sum of $42.50, which costs the defendant paid, and served a notice of appeal from the order of filiation to the County Court. Before the appeal was heard, the child was stillborn, The counsel for the parties appeared at the next term of the County Court, and, on showing that the child had not been born alive, an order was made, under section 866 of the Code of Criminal Procedure, discharging the defendant "from the obligation of his undertaking," and directing the plaintiff to pay to the defendant or to his attorney the amount paid by the defendant to secure his appeal, and for costs of the appeal. The plaintiff's counsel objects to the provision contained therein requiring the plaintiff to refund to the defendant the costs paid by the latter, and thereafter appealed from the order. When the plaintiff's attorney undertook to prepare his papers on such appeal, he was unable to find that any undertaking had been given by the defendant under either subdivision of section 851 of the Code of Criminal Procedure, and no undertaking of any kind whatever could be found in the clerk's office or elsewhere. Plaintiff's attorney then made a motion on notice, at a term of the County Court held by the same judge who made the previous order discharging the defendant, to set aside and cancel such order, and from an order granting that motion the defendant has appealed.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

W. W. Hare, for appellant.

G. M. Stoddard, for respondent.

CHESTER, J. The controversy appears to be wholly over the question of costs. The County Court held on discharging the defendant, under section 866 of the Code of Criminal Procedure, when it appeared that the child was not born alive, that the defendant was entitled to costs and disbursements as a matter of right, and therefore directed the plaintiff to refund to the defendant the amount paid by him to secure an appeal from the order of filiation. That section simply authorizes the court or magistrate, upon proof of the facts therein stated, to discharge the defendant from custody if he is in custody, or from the obligation of an undertaking if he has given one. There is nothing said therein on the subject of costs. The order discharging the defendant was in no sense a determination of his appeal to the County Court in his favor, so as to entitle him to costs under section 873 of the Code of Criminal Procedure; nor did it in any wise affect the correctness of the determination of the magistrates adjudging him to be the father of the child. The costs were incurred in that proceeding, and were certified to by the magistrates as the reasonable costs of arresting the defendant and of the order of filiation, as required by section 850, and by section 851 of such Code the defendant is expressly required to pay the amount so certified for such costs. The fact that the defendant is discharged under section 866, because of facts arising subsequent to the order of filiation, is no reason why the costs lawfully incurred and imposed upon him should be refunded to him by the plaintiff, and the court was in error in requiring them to be refunded.

That part of the order discharging the defendant was evidently made upon the erroneous supposition that an undertaking had been

given by him. The court in granting the order to vacate necessarily passed adversely upon the contention of the defendant that he had given an undertaking. Therefore there was no need of allowing an order to stand which discharged him from an obligation which did not exist.

The court which had inadvertently made the order discharging him, and which improperly relieved him from the costs by requiring the plaintiff to refund the amount thereof to him, had power to vacate the order on notice; and it was a proper exercise of power so to do. This is so notwithstanding the order had been appealed from, as the plaintiff's inability to find the necessary papers in the clerk's office, where they should have been, and the defendant's failure to give the undertaking, practically made it impossible for the plaintiff ever to present his appeal to the court for a determination thereof on the merits.

The order should be affirmed, with $10 costs and disbursements. All concur.